IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FREDERICK G. BRACK, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>MTA New York City Transit,<br><br>    Defendant. | )<br>)<br>)  Case No: _____<br>)  (JURY TRIAL DEMANDED)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

### INTRODUCTION

Plaintiff, by and through his counsel, the law firms of Woodley & McGillivary LLP, and The Quinn Law Firm, for his complaint against MTA New York City Transit ("defendant"), states as follows:

### PARTIES

1. Plaintiff is a current employee of the defendant MTA New York City Transit. He brings this action to remedy defendant's violation of federal law as set forth herein. Plaintiff Brack brings this action on behalf of himself and other employees similarly situated as a collective action in accordance with 29 U.S.C. § 216(b) of the Fair Labor Standards Act (FLSA) because of defendant's unlawful deprivation of plaintiff's right to overtime compensation. Plaintiff seeks a declaratory judgment under 28 U.S.C. § 2201 and compensation, damages, equitable and other relief available under the FLSA, as amended, 29 U.S.C. § 201 *et seq.*

2. Plaintiff has given his written consent to be a party plaintiff in this action pursuant to 29 U.S.C. § 216(b). Such written consent is appended to this Complaint as Exhibit A. The written consent form sets forth the plaintiff's name and address. Plaintiff brings this action as a

collective action in accordance with 29 U.S.C. § 216(b) of the Fair Labor Standards Act (FLSA) against the defendant on behalf of himself and all others similarly situated because of defendant's unlawful deprivation of plaintiff's rights to overtime compensation under the FLSA.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## FACTS

5. Plaintiff is, and at all times material herein has been, employed by MTA New York City Transit, in the position of "Administrative Staff Analyst (Non-Manager)." Plaintiff brings this action on behalf of himself and all other similarly situated analysts who work or have worked for defendant at all times material herein.

6. Plaintiff brings this action for a declaratory judgment, back pay, and other relief pursuant to 29 U.S.C. § 207, 29 U.S.C. § 216(b), and 28 U.S.C. § 1331 to remedy the defendant's willful and unlawful violations of federal law complained of herein.

7. Plaintiff, while employed by defendant, has been at all material times an "employee" within the meaning of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 203(e)(1).

8. Defendant MTA New York City Transit, among other things, is a juridical entity amenable to suit under the FLSA in that it is, and was at all times material hereto, a public agency within the meaning of Section 3(x) of the FLSA, 29 U.S.C. § 203(x).

9. Defendant MTA New York City Transit a public benefit corporation pursuant to N.Y. Pub. Auth. Law § 1200 *et seq.* MTA New York City Transit has a principal office and place of business located at 130 Livingston Plaza, Brooklyn, NY 11201.

10. MTA NYC Transit administers 24 subway lines with 468 stations within Manhattan, the Bronx, Brooklyn, and Queens, as well as the Staten Island Railway and the New York City buses.

11. Within the last three years and continuing to date, while working in the position of administrative staff analyst on behalf of defendant, plaintiff's job duties include meeting with employees to gather information about their job duties and completing paperwork about the meetings, preparing notices of examination for civil service jobs, ensuring all paperwork is completed correctly, and formatting and proofreading examinations for civil service jobs.

12. Within the last three years and continuing to date, plaintiff, and all others similarly situated, have been scheduled by defendant to work 12-hour shifts on Saturdays six or seven times each year.

13. During the weeks that he has been scheduled to work 12-hour shifts on Saturdays, plaintiff, and all others similarly situated, have been scheduled to work, and have actually worked, at minimum of 47 hours.

14. During the weeks that plaintiff, and all others similarly situated, have been scheduled to work 47 or more hours, due to Saturday shifts, defendant MTA New York City Transit has paid plaintiff, and all others similarly situated, straight time for all hours worked in excess of 40 during the workweek, instead of time-and-a-half.

## COUNT I

**FAILURE TO COMPLY WITH THE REQUIREMENT THAT FLSA OVERTIME BE PAID AT THE RATE OF ONE AND ONE-HALF TIMES THE PLAINTIFF'S REGULAR RATES OF PAY AND INSTEAD COMPENSATING PLAINTIFF WITH STRAIGHT TIME FOR HOURS WORKED IN EXCESS OF FORTY**

15. Plaintiff hereby incorporates by reference paragraphs 1 through 14 in their entirety and restates them herein.

16. During the times that plaintiff and others similarly situated have worked in excess of 40 hours in a week, defendant has compensated work time at only the straight time rate.

17. Section 7(a) of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207(a)(1), provides that employees shall be paid overtime compensation at a rate of not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per work week.

18. Defendant has violated, and continues to violate, 29 U.S.C. § 207(a)(1) by failing and refusing to compensate plaintiff and other similarly situated employees at a rate of not less than one and one-half times the regular rate at which the plaintiff and those similarly situated are employed in workweeks in which plaintiff and those similarly situated work forty (40) or more hours per week by instead paying plaintiff and others similarly situated straight time for overtime hours.

19. Defendant's violations of the FLSA have been done in a willful and bad faith manner.

20. As a result of the defendant's willful and purposeful violations of the FLSA, there has become due and owing to the plaintiff, and those similarly situated, an amount that has not yet been precisely determined. The employment and work records for the plaintiff are in the exclusive possession, custody, and control of defendant and the plaintiff is unable to state at this time the exact amount owing to him, but from these payroll records, plaintiff will be able to ascertain the precise extent of these violations of section 7(a) of the FLSA, 29 U.S.C. § 207(a). Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions to maintain and preserve payroll and other employment

records with respect to the plaintiff and other employees similarly situated from which the amount of defendant's liability can be ascertained.

21. Pursuant to 29 U.S.C. § 216(b), plaintiff is entitled to recover liquidated damages in an amount equal to his backpay damages for the defendant's failure to pay overtime compensation.

22. Plaintiff is entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff hereby demands that his claims be tried before a jury.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff prays that this Court:

(a) Enter judgment declaring that the defendant has willfully and wrongfully violated his statutory obligations, and deprived the plaintiff, and those similarly situated, of their rights;

(b) Order a complete and accurate accounting of all the compensation to which the plaintiff, and those similarly situated, are entitled;

(c) Award plaintiff, and those similarly situated, compensatory relief equal to their unpaid compensation and liquidated damages equal to their unpaid compensation;

(d) Award plaintiff, and those similarly situated, interest on their unpaid compensation;

(e) Award plaintiff, and those similarly situated, their reasonable attorneys' fees to be paid by the defendant, and the costs and disbursements of this action; and

(f) Grant such other relief as may be just and proper.

Respectfully submitted,

     /s/ Andrew C. Quinn
Andrew C. Quinn (SSN: 4059)
The Quinn Law Firm
399 Knollwood Road
Suite 220
White Plains, NY  10603
Phone:  (914) 997 0555
aquinn@quinnlawny.com


     /s/ Gregory K. McGillivary
Gregory K. McGillivary
*Pro Hac Vice Admission To Be Filed*
Diana J. Nobile
*Pro Hac Vice Admission To Be Filed*
WOODLEY & McGILLIVARY LLP
1101 Vermont Ave., N.W.
Suite 1000
Washington, DC  20005
Phone: (202) 833-8855
Fax: (202) 452-1090
gkm@wmlaborlaw.com
djn@wmlaborlaw.com

Dated: February 7, 2018